IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| RETROTOPE, INC.,[1] | ) Case No. 22-10228 (JTD) |
| Debtor. | ) **Re: Docket No. 304** |

# OBJECTION OF SHAREHOLDER GROUP TO MOTION TO EXCLUDE TESTIMONY OF RICHARD J. MANNING

Harry Saal, Charles Cantor, and Robert Molinari (together, "Shareholder Group") hereby file this objection to the motion of the above-referenced debtor and debtor in possession (the "Debtor") to exclude the testimony of the Shareholder Group's designated valuation expert, Richard J. Manning [Docket No. 304] (the "Motion"). Although not mentioned until the end of the Motion, Debtor also seeks in the alternative to exclude the testimony of Victor Perlroth, M.D., the CEO of Kodiak Sciences Inc. ("Kodiak"). The Motion was filed at 7:42 pm Eastern time on the eve of the sale/confirmation hearing in this case.

For the reasons set forth below, the Motion lacks merit and should be denied.

**The Doctrines of Champerty and Maintenance Do Not Apply**

The cases regarding champerty and maintenance cited by Debtor and their progeny actually support the Shareholder Group's position in this case. *See Charge Injection Techs., Inc. v. E.I. DuPont de Nemours & Co.*, 2016 Del. Super. LEXIS 118, at *7-14 (Del. Super. Ct. Mar. 9, 2016); *see also Se. Chester Cnty. Refuse Auth. v. BFI Waste Servs. of Pennsylvania, LLC.*, 2017 Del. Super. LEXIS 312, at *17-18 (Del. Super. Ct. June 27, 2017). In both of the foregoing cases,

---

[1] Debtor in this chapter 11 case, its jurisdiction of organization, and the last four digits of its U.S. taxpayer identification number is Retrotope, a Delaware corporation (8003). Debtor's corporate headquarters is located at 4300 El Carnino Real, Suite 201, Los Altos, CA 94022.

the Delaware courts ultimately determined that the agreements at issue were not champertous or otherwise prohibited by Delaware law.

A.     **Champerty**

As stated by the Delaware Superior Court in *Charge Injection*:

> Under Delaware law, champerty is a type of maintenance defined as an agreement between the owner of a claim and a volunteer that the latter may take the claim and collect it, dividing the proceeds with the owner, if they prevail; the champertor to carry on the suit at his own expense. ***In a champertous assignment, an assignee of a cause of action initiates litigation at his or her own risk and expense in consideration of receiving a portion of the proceeds if successful. Champerty cannot be charged against one with an interest in the matter in controversy, and [a]n agreement is not champertous where the assignee has some legal or equitable interest in the subject matter of the litigation independent from the terms of the assignment under which the suit was brought***.

2016 Del. Super., at *7-8 (citations omitted and emphasis added); *see also Se. Chester*, 2017 Del Super., at *18 (champerty does not apply "where the assignee has some legal or equitable interest in the subject matter of the litigation *independent* from the terms of the assignment under which the suit was brought").

Judge Silverstein reached the same conclusion in *Claridge Assocs., LLC v. Schepis (In re Pursuit Capital Mgt.)*: "The doctrine of champerty is based upon the ground that no encouragement should be given to litigation by the introduction of a party to enforce those rights which the owners are not *disposed to prosecute*." 595 B.R. 631, 666 (Bankr. D. Del. 2018) (citations omitted). Further, "[t]he standard by which courts judge an assignee's preexisting legal or equitable interest is a 'low threshold.' The doctrine's purpose is to keep 'strangers' from perpetuating litigation." *Id*.

Here, champerty does not apply because: (1) there has been ***no assignment*** of any claims by the Shareholder Group to Kodiak or the other way around and (2) the Shareholder Group is the

2

*real aggrieved party* or party in interest with respect to the issues at hand at the sale/confirmation hearing. There are no "strangers" in this case who are perpetuating litigation. They have statutory standing under Bankruptcy Code section 1109(b)—a section which is conveniently absent from the Motion.

At every stage of this case, they have been active participants, in order to protect their rights and investments. Moreover, there can be no dispute that the Shareholder Group has standing (see Bankruptcy Code section 1109(b)) to raise issues for which they have a direct economic interest in the outcome and present evidence in order to maximize the recovery for all of Debtor's classes of stock and stockholders, as the three members of the Shareholder Group holds stock in Classes 4-10, under the Plan. (See Footnote 1 to the Shareholders' Opposition to the Sale Approval/Plan Confirmation).

    **B.**    **Maintenance**

As further stated by the Delaware Superior Court in *Charge Injection*:

> Maintenance is an officious intermeddling in a suit which in no way belongs to the intermeddler by maintaining or assisting either party to the action, with money or otherwise, to prosecute it or defend it. Stated differently, it is the intermeddling in a suit by a stranger, one having no privity or concern in the subject matter and standing in no relation of duty to the suitor.

2016 Del. Super., at *8.

"An 'officious intermeddler' is '[s]omeone who confers a benefit on another ***without being requested*** or having a legal duty to do so, and who therefore has no legal grounds to demand restitution for the benefit conferred.'" *Id*. at *14 (emphasis added). In *Charge Injection*, the Court found that a litigation funding source was not an officious intermeddler because they did not: (1) stir up litigation, (2) control or force the plaintiff to pursue litigation, or (3) control the litigation for the purpose of continuing a frivolous or unwanted lawsuit. *Id*.

3

The same holds true in the instant case. First, Kodiak was asked by the Shareholder Group, in light of their limited personal resources, to fund the cost of an expert. Although such funding was not Kodiak's idea, Kodiak did propose to pay for 90% when it agreed to such funding. Second, as admitted by Debtor, the Shareholder Group, not Kodiak, engaged the expert and submitted his report. Third, as the Court is well aware, the Shareholder Group has been challenging many of the actions of Debtor during, and even prior to the commencement of, this case. The Shareholder Group had every intention of challenging the sale/plan, even if Kodiak had not stepped up to fund a substantial portion of the expert's fees. Third, Kodiak does not control the Shareholder Group or the positions taken by them in this case and has no authority over Richard Manning, the Shareholder Group's designated valuation expert. In fact, Kodiak does not even have the right to terminate such expert if it wanted to do so.

Hence, the doctrine of maintenance simply does not apply.

**No Basis to Exclude Kodiak Testimony**

Almost as an afterthought at the end of the Motion, Debtor seeks in the alternative to exclude the testimony of Dr. Perlroth, Kodiak's CEO. The only basis cited by Debtor is that Kodiak lacks standing as a back-up bidder to assert an objection to the sale. The testimony that will be offered by Dr. Perlroth, however, is in support of the *Shareholder Group's objection* to the plan/sale. Such testimony will provide critical factual evidence on Kodiak's background, qualifications, and projections that are the basis of **both** Debtor's and Richard Manning's valuations of Kodiak's last bid that includes cash, milestone, and royalty components.

Moreover, the issue of standing of a bidder was already addressed by this Court at the bidding procedures hearing on May 17, 2022. After some colloquy between counsel, the Court ruled as follows:

4

> THE COURT: Okay. So, yeah, I'm going to overrule the objections. I think the -- there is a protection here to have a disgruntled bidder, if there's a flaw in the process, to come and bring it to the Court's attention. And I will have the ability and opportunity to do whatever I think is appropriate under the circumstances, if I think there was a flaw in the process.

Transcript of Bidding Procedures Hearing, May 17, 2022, p. 20, ln. 1-7 (excerpt attached as **Exhibit A** hereto).

As it turns out, there was a flaw in the process – a viable third party bid was catastrophically undervalued by Debtor. The Shareholder Group is bringing this flaw to the Court's attention and doing so with the assistance of Kodiak, precisely as envisioned at the bidding procedures hearin. But even if the Shareholder Group did not have standing, any bidder is still permitted to raise flaws to the Court and, assuming the Court concurs that such flaws occur, the Court can then fashion a remedy.

For the reasons set forth above, the Motion filed on the eve of trial is not well taken and should be denied on the merits.

Dated:  July 11, 2022

THE POWELL FIRM, LLC
Wilmington, Delaware

By:	*/s/ Jason C. Powell*

Jason C. Powell (No. 3768)
1201 No. Orange Street
Wilmington, Delaware 19801
Telephone: 302.650.1572
Email:  jpowell@delawarefirm.com

-AND-

BUCHALTER, A Professional Corporation

By:	*/s/ Jeffrey K. Garfinkle*

Jeffrey K. Garfinkle
(admitted *pro hac vice*)
Paul S. Arrow
(admitted *pro hac vice*)
18400 Von Karman Ave., Suite 800
Irvine, CA  92612
Telephone: 949.760.1121
Email:  jgarfinkle@buchalter.com

*Attorneys for Harry Saal, Robert Molinari and Charles Cantor*