## Exhibit A

**Excerpt of Transcript of Bidding Procedures Hearing, May 17, 2022**

```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE

                                    .  Chapter 11
IN RE:                              .
                                    .  Case No. 22-10228(JTD)
RETROTOPE, INC.,                    .
                                    .
                                    .  824 Market Street
                                    .  Wilmington, Delaware 19801
                      Debtor.       .
. . . . . . . . . . . . . . . . .   .  Tuesday, May 17, 2022

                       TRANSCRIPT OF VIDEO HEARING
                   BEFORE THE HONORABLE JOHN T. DORSEY
                     UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES VIA ZOOM:

| | |
|---|---|
| For the Debtors: | Matthew P. Ward, Esq.<br>Ericka F. Johnson, Esq.<br>Morgan L. Patterson, Esq.<br>Lisa Tancredi, Esq.<br>WOMBLE BOND DICKINSON (US), LLP |
| For the U.S. Trustee: | Jane Leamy, Esq.<br>OFFICE OF THE U.S. TRUSTEE |
| For RTMFP: | Mark Desgrosseilliers, Esq.<br>CHIPMAN, BROWN, CICERO<br>  & COLE, LLP<br><br>Scott Lepene, Esq.<br>THOMPSON HINE, LLP |

(Appearances Continued)

| | |
|---|---|
| Audio Operator: | Electronically Recorded<br>by Jermaine Cooper, ECRO |
| Transcription Company: | Reliable<br>1007 N. Orange Street<br>Wilmington, Delaware 19801<br>(302) 654-8080<br>Email:  gmatthews@reliable-co.com |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

APPEARANCES VIA ZOOM:   (Continued)

| | |
|---|---|
| For Albert Einstein College of Medicine: | Richard Riley, Esq.<br>WHITEFORD, TAYLOR & PRESTON, LLC |
| For Kodiak Sciences: | Joseph Brown, Esq.<br>COOLEY, LLP |
| For Robert Molinari, Harry Saal, and Charles Cantor: | Paul Arrow, Esq.<br>Jeffrey Garfinkle, Esq.<br>BUCHALTER |
| Also Appearing: | Jami Nimeroff, Esq.<br>Subchapter V Trustee<br>BROWN MCGARRY NIMEROFF, LLC<br><br>Peter Milner<br>Anil Kumar<br>Yvonne Kao<br>RETROTOPE, INC.<br><br>Heidi Lipton<br>Brian Ayers<br>Chris Peirce<br>Jim Gansman<br>ROCK CREEK<br><br>Mark Chesen<br>Scott Victor<br>Craig Warznak<br>SSG ADVISORS, LLC<br><br>Niten Mehta<br>RTMFP ENTERPRISES<br><br>Harry Saal<br>Robert Molinari<br>Charles Cantor<br>DISSENTING SHAREHOLDERS<br><br>Jason Powell<br>PREFERRED SHAREHOLDERS GROUP<br><br>Laura Haney<br>U.S. BANKRUPTCY COURT |

1  financial advisors and consultants, including SSG, that can
2  help to value the various bids. And then the parties are
3  going to have to consider them. They are, you know, apples
4  to oranges, and as all parties agree, but those bids can be
5  valued, and the value -- the highest value can then be
6  determined.
7  And there's a number of factors that the debtors
8  would consider in valuing dissimilar bids, including, you
9  know, future performance, jobs saved, monetary value.
10 There's any number of considerations that the debtors have.
11 And the debtors have two independent board members that are
12 professionals that can help understand the value of these
13 bids, and they also have a medical -- chief medical officer
14 and science officer that can help weigh in with some of the
15 more scientific options, in terms -- if there are any, in
16 terms of a licensing deal going forward.
17            THE COURT: All right.
18            MS. JOHNSON: But it's not --
19            THE COURT: So I --
20            MS. JOHNSON: It's not something that's -- I mean,
21 it's faced -- this issue we face with any debtor that's
22 looking at a sale process where it's not a straight asset
23 sale. So I don't think it's an unusual -- I mean, this may
24 be unusual, but it's not something that's an obstacle that
25 can't be overcome.

1    THE COURT: So what happens if -- you know,
2  generally speaking, a losing bidder doesn't have a right --
3  doesn't have standing to object to the auction process,
4  unless there is a flaw in the process itself. So what do you
5  mean when you say that the bidders are waiving their right to
6  reopen the auction? Are you saying they can't come to me and
7  say there was some flaw in the process here that I should
8  consider?
9    MS. JOHNSON: No, Your Honor. They can argue that
10  there's a flaw in the process. What they can't seek is the
11  remedy from Your Honor of necessarily reopening the auction.
12  It's up to the Court to determine if an appropriate remedy
13  would be reopening the auction based on what occurred.
14    THE COURT: Okay.
15    MS. JOHNSON: And I agree, Your Honor, like any
16  disgruntled bidder, just alone, without having a claim,
17  wouldn't have standing to seek redress from the Court.
18    THE COURT: Okay. All right. Mr. Arrow, anything
19  else?
20    MR. ARROW: Just a couple of comments, Your Honor.
21    With respect to equity as a consultation party, you
22  know, while we suggested that our clients would be happy to
23  serve, they don't necessarily need to serve. But we do think
24  that there needs to be some voice of equity as a consultation
25  party.

1           And again, I think that's particularly important
2   because, as Ms. Johnson just went through, you know, there
3   are a number of criteria that they're going to go through, in
4   terms of evaluating apples to oranges.  And it is equity who
5   has got the skin in the game and they should be able to weigh
6   in on it.
7           And with respect to the waiver of rights, yeah,
8   it's interesting.  So a disgruntled bidder can come to the
9   Court and argue that there was a flawed process, but it can't
10  seek to reopen the auction.  I'm not sure how -- what that
11  means.  So there's a right, but no remedy?  That doesn't make
12  a lot of sense to me.
13          THE COURT:  Well, I think what Ms. Johnson was
14  saying is that they don't have the right to seek it, but I
15  can grant if I decide that it needs to be done.
16          MR. ARROW:  So they can come to you and file a
17  motion to explain flaws to the Court or something along those
18  lines, bring it to the Court's attention, and then you can do
19  whatever makes sense.
20          THE COURT:  I think that's what you were saying,
21  right, Ms. Johnson?
22          MS. JOHNSON:  Correct, Your Honor, as typically the
23  process --
24          THE COURT:  Right.
25          MS. JOHNSON:  -- that's adhered to here.